Judgment of acquittal of contempt will be entered, without costs.

ISLWYN DAVIES, PLAINTIFF-RESPONDENT, v. PAULINE E. BOTTICHER, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 20, 1950—Decided December 12, 1950.

Before Judges McGeehan, Jayne and Wm. J. Brennan, Jr.

*Mr. J. Glenn Anderson* argued the cause for appellant.

*Mr. John ·A. Laird* argued the cause for respondent (*Mr. David Roskein,* attorney).

The opinion of the court was delivered by

Jayne, J. A. D. The plaintiff prosecuted an action for the recovery of treble damages, alleging in the complaint, as amended, rental overcharges by the defendant in violation of the Emergency Price Control Act of 1942, as amended, and the Housing and Rent Act of 1947. The action was tried by consent before a judge of the Law Division of the Superior Court without a jury, and a judgment in favor of the plaintiff eventuated in the sum of $788.25 damages, with costs and the allowance to the plaintiff of a counsel fee of $100. The appeal (No. A-345-49) challenges the propriety of that judgment.

In scrutinizing the record our attention initially falls upon the pleadings and the pretrial order in quest of knowledge of the issues which were presented to the trial judge for determination.

The amended answer of the defendant contained a general denial of the allegations of the complaint, and three separate defenses in which it was averred that the plaintiff fraudulently misrepresented the number of persons who would occupy the demised premises and that the plaintiff conspired with another tenant of the building to intimidate and extort money from the defendant. Her answer was accompanied by a counterclaim for damages alleged to have been sustained by her in consequence of the fraud and conspiracy averred in the answer.

The pretrial conference fulfilled its function in decreasing the issues actually in controversy. The following quotation taken from the pretrial order is significant:

"Plaintiff claims that the premises in question were the subject of a registration certificate filed by the defendant fixing a rental of $30 monthly including all services.

"Plaintiff has moved to amend the *ad damnum* clause in each count of the complaint so as to seek recovery for treble damages instead of the $50 civil damage allowance provided by the act. This amendment is allowed.

"Defendant admits that a registration certificate fixing the maximum ceiling of $30 for the apartment in question was filed by her with the Federal authorities. Defendant also admits that she received the rents set out in each count of the complaint. Defendant further concedes that the ceiling first established of $30 was never changed officially. Defendant contends that the plaintiff occupied additional space in the apartment not covered by the original registration with the OPA. This additional space was the use in common with other persons in the building of a lavatory and wash room. The defendant contends that the use in common with others was for a short period and thereafter the plaintiff had the full use.

"Defendant further claims that she was forced and intimidated to pay over sums of money the plaintiff representing these overcharge claims, that she did so, and by this means all of the plaintiff's claims have been satisfied.

"Defendant has filed a counterclaim against this plaintiff which on account of failure of specific proof of damage the defendant hereby abandons.

"Defendant by way of third party complaint has brought James Flaherty into the case as a defendant."

█ Thus the counterclaim was voluntarily abandoned, and it was evident at the trial that the registration in the office of the Price Administration under section D entitled "Equipment and services" included "Bathroom & toilet shared by other tenants." The assertion in the pretrial order that the defendant had satisfied the plaintiff's claim collapsed. She had through her attorney offered the plaintiff a refund of $100 which he had declined to accept.

The attorney doubtless foresaw the eventual plight of his client for, after making what is characterized in the record as an "opening statement to the Court on behalf of the defendant Botticher," the court stated, "Note on the record that there is no objection to setting up the defense that she did not act willfully or fail to take practical precautions." Such appears to be the only defense actually interposed on behalf of the defendant at the trial.

█ It is assumed that except as so augmented by the court at the trial, full and proper effect was accorded the pretrial

order. *Rule* 3:16. *Jenkins v. Devine Foods, Inc.*, 3 *N. J.* 450 (1950); *Mead v. Wiley Methodist Episcopal Church,* 4 *N. J.* 200 (1950); *Anderson v. Modica,* 4 *N. J.* 383 (1950); *Art Wire & Stamping Co. v. Johnson,* 7 *N. J. Super.* 173 (*App. Div.* 1950); *Binder v. Green,* 8 *N. J. Super.* 88 (*App. Div.* 1950); cf. *Roberts Electric, Inc., v. Foundations, &c., Inc.,* 8 *N. J. Super.* 168 (*App. Div.* 1950).

Concerning then the issue of willfulness, we note that the defendant after acknowledging that she had no written official authority to exact the rental, testified as follows:

"Q. You took it upon yourself to charge $15 a week?

"A. Yes, sir.

"Q. And an additional $1.25 for gas and electricity?

"A. Yes, sir.

"Q. Even though in the services you said that gas and electricity are furnished and that is indicated on the original certificate and the one that was to be corrected after suit was started?

"A. Yes.

"Q. The service required included gas and electricity?

"A. Yes.

"Q. And you charged for those?

"A. That's right."

■ ■ This disposes of the appeal with respect to those issues which were settled by the pretrial order. "The parties are bound by the record and by the reasons and ground upon which they relied and advanced to the court below." *Schwartz v. Rothman,* 1 *N. J.* 206, 210 (1948).

The judgment under review will be affirmed.

■ Directing our attention next to the subsequent appeal (No. A-491-49) relating to the failure of the trial judge to determine the application for relief from the final judgment, we note the concession of the appellant that in consequence of the appeal from the final judgment, this appeal has become academic. Hence, it will be dismissed.